No. 26-2169

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA, *Plaintiff-Appellee,*

*v.*

RAFAEL RAMIREZ-MARTINEZ, *Defendant-Appellant.*

*APPEAL FROM THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF NEW MEXICO,*
*THE HONORABLE JAMES O. BROWNING,*
*UNITED STATES DISTRICT JUDGE,*
*CRIMINAL NO. 22-1721 KWR*

# DEFENDANT-APPELLANT COUNSEL'S ANDERS BRIEF

**ORAL ARGUMENT NOT REQUESTED**

EDWARD O. BUSTAMANTE, ESQ.
*Counsel for Mr. Ramirez-Martinez*
*PO Box 31026*
*Albuquerue, NM 87190*
*(505) 659-2306*
*e-mail: eobatty@hotmail.com*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................. II

PRIOR APPEALS ....................................... III

GUIDE TO CITATIONS .................................. III

BRIEF FORMAT CERTIFICATION ........................... IV

JURISDICTION ........................................... 1

ISSUES ................................................. 1

STATEMENT OF THE CASE .................................. 1

1. NATURE OF THE PROCEEDING ............................ 1

2. FACTS ............................................... 2

SUMMARY OF ANDERS ARGUMENT ............................. 3

ARGUMENT OF ANDERS BRIEF ............................... 3

I. After Conscientious Examination of the Total Record on Appeal, It is Wholly Frivolous to Proceed with this Appeal ...... 3

CONCLUSION ............................................. 5

CERTIFICATE OF SERVICE AND DIGITAL SUBMISSION .......... 6

**ATTACHMENT A:** Judgment in a Criminal Case, signed and entered September 10, 2026, by the Honorable Kea W. Riggs, United States District Judge

## TABLE OF AUTHORITIES

**Cases** **Page**

Anders v. California, 386 U.S. 738 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000) . . . . . . . . . . . . . . . . 4

McCann v. Richardson, 397 U.S. 759 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

McCarthy v. United States, 394 U.S. 459 (1969) . . . . . . . . . . . . . . . . . . . . 3

Strickland v. Washington, 466 U.S. 668 (1984) . . . . . . . . . . . . . . . . 4

Vasquez v. Cooper, 862 F.2d 250 (10th Cir. 1988) . . . . . . . . . . . . . . 4

**United States Statutes**

18 U.S.C. § 323 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

21 U.S.C. § 841(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

21 U.S.C. § 841(b)(1)(C) ........................................................................ 1, 2

28 U.S.C. § 1291................................................................................... 1

## OTHER AUTHORITIES

Fed. R. App. P. 4(b) ..................................................................... 1

10th Cir. R. 32(a)(7)(C) ........................................................................ iv

## PRIOR APPEALS

To the best of counsel's knowledge there have been no prior appeals and are no related appeals.

## GUIDE TO CITATIONS

Counsel will cite to the documents in the record as (Doc.__).

**BRIEF FORMAT CERTIFICATION**

Pursuant to 10th Cir. R. 32(a)(7)(C), I certify that this brief is proportionately spaced, has a typeface of 14 points, and contains 1,420 words. I relied on my word processor to obtain the count. My word processor software is Microsoft Word 2010.

I certify that the information within this certification is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

DATED this 28th day of September, 2026.

/s Edward O. Bustatmante

EDWARD O. BUSTAMANTE, ESQ.

## JURISDICTION

Appellant, prosecuted in the district court for violation of criminal statutes of the United States, did not question its jurisdiction. Presumably it was premised on 18 U.S.C. § 323.

This Court has jurisdiction under 28 U.S.C. § 1291, 18 U.S.C. § 3742(a) and Fed. R. App. P. 4(b). The Judgment was filed on September 10, 2026. (Doc.76) The Notice of Appeal was filed on September 23, 2026. (Doc.78).

## ISSUES

**I. Whether, after conscientious examination of the total record on appeal, it is wholly frivolous to proceed with this appeal.**

## STATEMENT OF THE CASE

### 1. Nature of the Proceeding

Appellant Rafael Ramirez-Martinez was indicted on October 25, 2022 for unlawfully, knowingly, and intentionally distributing a controlled substance, involving 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc.2). After a jury trial, Mr. Ramirez-Martinez was

found guilty of violating 21 USC § 841(a)(1). The district court sentenced Mr. Ramirez-Martinez to one hundred-twenty (120) months; the mandatory minimum. (Doc.200).

Mr. Ramirez Martinez timely filed his notice of appeal on September 23, 2026. (Doc.202). This opening brief must be filed or mailed on or before October 13, 2026.

**2. Facts**

Appellant proceeded to trial rejecting a time served offer to settle from the government. At trial the government presented the testimony of multiple law enforcement officers including an undercover officer who testified Appellant, along with a coconspirator arrived at a residence with an A level amount of a controlled substance. The undercover officer testified Appellant arrived with the controlled substance in a backpack and proceeded to hand the controlled substance to the undercover officer. The undercover officer further testified Appellant helped count the currency that was given in exchange for the controlled

substance. Moreover the government presented a video and audio recording of the transaction with the undercover officer. The video and audio recording was consistent with the undercover officer's testimony.

At the sentencing hearing, Appellant was given a sentence of 120 months the minimum required subsequent to the A level controlled substance conviction.

**SUMMARY OF ARGUMENT OF ANDERS BRIEF**

After conscientious examination of the total record on appeal, it is wholly frivolous to proceed on appeal.

**ARGUMENT OF ANDERS BRIEF**

**I. After Conscientious Examination of the Total Record on Appeal, It is Wholly Frivolous to Proceed with the Appeal.**

Pursuant to Anders v. California, 386 U.S. 738 (1967), undersigned counsel submits that, after conscientious examination of the total record on appeal, it is wholly frivolous to proceed with this appeal for the following reasons:

Accompanying this brief is a motion for withdrawal of undersigned counsel.

Appellant was found guilty by a properly empaneled jury. The evidence presented by the government

established overwhelming evidence supporting Appellant's guilt.

The trial court then sentenced Appellant 120 months the minimum sentence pursuant to an A level conviction.

Pursuant to Anders v. California, 386 U.S. 738 (1967), the following are the points in the record which arguably support the appeal:

One possible issue would be whether the trial counsel inadequately and ineffectively represented Mr. Garcia. However, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". Strickland v. Washington, 466 U.S. 668, 689 (1984). Furthermore, no *per se* evidence of inadequate, ineffective assistance of counsel in violation of Mr. Garcia's Sixth Amendment right to counsel exists in the record. Strickland v. Washington, 466 U.S. at 690-92. This is particularly true when Mr. Garcia had nothing to gain by withdrawing his plea. *See* McCann v. Richardson, 397 U.S. 759 (1970).

**CONCLUSION**

Appellant's counsel respectfully requests this Court to grant his motion to withdraw and to provide Mr. Ramirez Martinez with notice of the filing of this brief and his ability to raise any points of law Mr. Ramirez Martinez chooses. Appellant's counsel also requests such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s Edward O. Bustatmante

EDWARD O. BUSTAMANTE, ESQ.
*Counsel for Mr. Ramirez-Martinez*
*PO Box 31026*
*Albuquerque, NM 87190*
*(505) 659-2306*
*e-mail: eobatty@hotmail.com*

## Certificate of Service and Digital Submission

I hereby certify that a true and correct copy of the foregoing pleading was mailed by first class postage to Rafael Ramirez-Martinez, 31699-510, c/o CCA Central Arizona Detention Center, 1155 N. Pinal Ave., Florence, Arizona 85132, and was sent by electronic mail to the Appellate Division for the United States Attorney in care of David Hirsch, AUSA at david.hirsch@usdoj.gov and by first class mail to the Clerk of the United States Court of Appeals for the Tenth Circuit, Byron White United States Courthouse, 1823 Stout Street, Denver CO 80257, this 9th[t] day of October, 2026, and all required privacy redactions have been made and, with the exception of those redactions, every document submitted in digital form or scanned PDF format is an exact copy of the written document filed with the Clerk, and the digital submissions have been scanned for viruses with the most recent version of Symantec Norton Antivirus 10.2.0.30 released 2006, a commercial virus scanning program and, according to the program, are free of viruses.

/s Edward O. Bustatmante
EDWARD O. BUSTAMANTE, ESQ.
*Counsel for Mr. Ramirez-Martinez*
*PO Box 31026*
*(505) 659-2306*
*e-mail: eobatty@hotmail.com*

Attachment A

AO 245B (Rev 11/25) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## District of New Mexico

UNITED STATES OF AMERICA
V.
**RAFAEL RAMIREZ-MARTINEZ, A.K.A. "JESUS GALINO," A.K.A. "RUBIO ALVAREZ,"**

**Judgment in a Criminal Case**

Case Number: **1:22CR01721-001KWR**
USM Number: **31699-510**
Defendant's Attorney: **Edward O. Bustamante**

THE DEFENDANT:

☐ pleaded guilty to count(s) .
☐ pleaded nolo contendere to count(s) which was accepted by the court.
☒ was found guilty on count(s) **Indictment** after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| ***Title and Section*** | ***Nature of Offense*** | ***Offense Ended*** | ***Count*** |
|---|---|---|---|
| 21 U.S.C. Sec 841 (a)(1) and (b)(1)(A) | Distribution of 50 Grams and More of Methamphetamine | 12/15/2021 | |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984The sentence is imposed pursuant to the Sentencing Reform Act of 1984 .The Court has considered the United States Sentencing Guidelines and, in arriving at the sentence for this Defendant, has taken account of the Guidelines and their sentencing goals. Specifically, the Court has considered the sentencing range determined by application of the Guidelines and believes that the sentence imposed fully reflects both the Guidelines and each of the factors embodied in 18 U.S.C. § 3553(a). The Court also believes the sentence is reasonable, provides just punishment for the offense and satisfies the need to impose a sentence that is sufficient, but not greater than necessary to satisfy the statutory goals of sentencing.

☐ The defendant has been found not guilty on count(s) .
☐ Count(s) dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 8, 2026**
Date of Imposition of Judgment

**/s/ Kea W. Riggs**
Signature of Judge

**Honorable Kea W. Riggs**
**United States District Judge**
Name and Title of Judge

**September 10, 2026**
Date

DEFENDANT: **RAFAEL RAMIREZ-MARTINEZ, A.K.A. "JESUS GALINO," A.K.A. "RUBIO ALVAREZ,"**
CASE NUMBER: **1:22CR01721-001KWR**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **120 months**.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
- ☐ at on .
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
- ☐ before 2 p.m. on .
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ________________________________ to

________________________ at ________________ with a certified copy of this judgment.

________________________________
UNITED STATES MARSHAL

By ________________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **RAFAEL RAMIREZ-MARTINEZ, A.K.A. "JESUS GALINO," A.K.A. "RUBIO ALVAREZ,"**
CASE NUMBER: **1:22CR01721-001KWR**

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **5years** .
**If the defendant is deported, said term of supervised release shall be unsupervised. If the defendant is not deported, said term of supervised release shall be supervised.**

### MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, local, or tribal sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, require you to notify that person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT: **RAFAEL RAMIREZ-MARTINEZ, A.K.A. "JESUS GALINO," A.K.A. "RUBIO ALVAREZ,"**
CASE NUMBER: **1:22CR01721-001KWR**

## SPECIAL CONDITIONS OF SUPERVISION

**You must comply with all Immigration and Customs Enforcement laws.**

**You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You may be required to pay all, or a portion, of the costs of the program.**

**You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer may disclose the presentence report, any previous mental health evaluations and/or other pertinent treatment records to the treatment provider.**

**You must not communicate, or otherwise interact, with codefendant(s)/coconspirator(s).**

**You must submit to a search of your person, property, residence, vehicle, papers, computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media, or office under your control. The probation officer may conduct a search under this condition only when reasonable suspicion exists, in a reasonable manner and at a reasonable time, for the purpose of detecting evidence of conduct similar to the instant offense, illegal substances, firearms, ammunition, other weapons, and all other forms of contraband . You must inform any residents or occupants that the premises may be subject to a search.**

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ______________________ Date ______________________

DEFENDANT: **RAFAEL RAMIREZ-MARTINEZ, A.K.A. "JESUS GALINO," A.K.A. "RUBIO ALVAREZ,"**
CASE NUMBER: **1:22CR01721-001KWR**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| Totals: | **$100.00** | **$0.00** | **$0.00** | **$0.00** |

☐ The determination of the restitution is deferred until . An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ In full immediately; or

B ☐ $ due immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties; and (9) costs, including cost of prosecution and court costs.

As the privacy of a victim(s) is of concern, the Court orders restitution to the victim referred to as a pseudonym. The Click or tap here to enter text. will provide the full victim(s) name and address information for purposes of disbursement of restitution to the Clerk of Court via Restitution Memo filed on the docket under seal.

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22